IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH WILLIAM CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-099 |
| | ) | |
| WARDEN CALDWELL; GRIER; and | ) | |
| MS. MCAFEE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, incarcerated at Johnson State Prison ("JSP"), filed this case pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. SCREENING THE COMPLAINT

A. BACKGROUND

Plaintiff names the following Defendants: (1) Warden Caldwell, (2) Unit Manager Grier, and (3) CO II McAfee.  (Doc. no. 1, pp. 1, 4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 14, 2021, at approximately 7 a.m., Plaintiff was stabbed nine times with a sharpened toothbrush by inmate Michael Fletcher while Defendant McAfee, a corrections

officer, watched through the window. (Id. at 5.) Defendant McAfee instructed Fletcher to stop, but he did not stop until he got tired, then Defendant McAfee walked off and never came back. (Id. at 6) Plaintiff and Fletcher were not taken to medical. (Id. at 5.) Defendant McAfee said she could not get anyone to the dorm to help her because there was no one else there. (Id.) Eight-and-a-half-hours later, at around 3:30pm, Nurse Barker made rounds to distribute evening medication when Plaintiff told her he had been stabbed nine times. (Id. at 5, 6.) She took him to medical within the next ten minutes. (Id. at 5)

Plaintiff and Fletcher both told officers they needed to be moved because Fletcher wanted to be alone, and he was violent. (Id.) Fletcher was classified as a level 3 inmate with mental health and delusional issues. (Id.) Plaintiff believes Fletcher should be classified at a higher level because he is irrational, unpredictable, and unstable. (Id. at 6-7.) Plaintiff alleges JSP staff, including Defendant Grier, were aware Fletcher had previously terrorized other older inmates. (Id. at 6.) Defendant Grier placed Fletcher with Plaintiff even though she knew Plaintiff was not violent or a troublemaker. (Id.) Plaintiff told Defendant Grier of Fletcher's prior threats to kill him. (Id.) Fletcher told Defendant McAfee to move one of them or he would kill Plaintiff. (Id.) Defendant McAfee told them both she could not move either of them, and Fletcher then proceeded to stab Plaintiff. (Id.) Plaintiff alleges Defendants Grier and Caldwell violated guidelines for inmate placement when deciding to place Plaintiff in the same cell with Fletcher. (Id.)

Plaintiff came to J-building for housing after he was robbed and stabbed two times pursuant to orders from the leading gang member. (Id. at 7.) Plaintiff was placed in a two cell-room even though he should not have been after he was robbed and stabbed. (Id.)

Inmates at JSP are regularly placed in danger because there are not enough officers or staff. (Id. at 7-8.) There are times when there is only one officer across ten dorms. (Id. at 7.) Plaintiff explains inmates "come and go as they like." (Id. at 8.) Further, Plaintiff has listened to inmates being beaten or killed on two occasions because JSP does not do its job in providing security to the prison. (Id. at 7.) One of the deaths happened in J2-127, where Plaintiff was housed next door and heard an inmate calling help for hours. (Id.) The inmate's body was not found until the next morning. (Id.) Plaintiff still has nightmares about his neighbor's death. (Id.) Another death happened in J2-246 on July 22, 2022 at approximately 10:53 p.m., when Plaintiff heard the inmate in the cell next door, Nicholas Shaw, kill his cellmate, Ronald Townsend. (Id.) Shaw previously beat his other cellmates badly. (Id.)

Plaintiff has tried and has gotten nowhere, including with this instant case. (Id. at 3, 4, 7.) Plaintiff filed grievances on March 27, 2022 but received no response. (Id.) Prison officials either routinely lose grievances, deny them for false reasons, or delay responses. (Id. at 3, 4.) Plaintiff has asked to see a lawyer to advise him of his claims and has been repeatedly ignored. (Id. at 8.) Plaintiff has asked for clothes eight times over the last year and has been trying to obtain glasses. (Id. at 7, 8.) Plaintiff is on the list to see the eye doctor but still has not been seen. (Id. at 7.)

Plaintiff requests the maximum amount of damages allowed by state and federal law for each of his claims. (Id. at 9.) He also requests the federal government investigate JSP and how inmates are being treated and abused. (Id.) Lastly, Plaintiff requests the state of Georgia pay for him to obtain a lawyer and pay for him to see a doctor for the trauma caused by listening to Townsend being beaten and killed. (Id.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all

reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has *arguably* stated a viable claim for conditions of confinement against Defendants with respect to the failure to protect claim. See Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*) (holding when officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection); Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) ("confinement in a prison where violence and terror reign is actionable."); LaMarca v. Turner, 995 F.2d 1526, 1535-37 (11th Cir. 1993) (finding lack of security could constitute Eighth Amendment violation if defendants have awareness and capability to rectify situation). Accordingly, process shall issue as to all Defendants.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants Caldwell, McAfee, and Grier. The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendants to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon his defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or his counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing

for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 3rd day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA